WILLIAM B. HOOKER, PLAINTIFF IN ERROR, VS. JOHN GALLAGHER, DEFENDANT IN ERROR.

1. A promissory note, payable to A. B. or *order*, must be endorsed by the payee to enable the holder (other than the payee) to sue upon it *in his own name*.

2. A declaration upon such a note by a holder, other than the payee, is defective in substance if it does not allege that the note was endorsed.

3. A demurrer opens all the pleadings, and the Court should give judgment against the party who committed the first error (in substance) in pleading.

4. It is error for the Court to give a judgment by default, as for want of a plea when there is a good plea in the case upon which issue has been joined.

5. When the plaintiff declares in assumpsit on a promissory note, he cannot properly be permitted to give in evidence, a sealed instrument as the foundation of his action.

6. The copy of the cause of action required by the statute to be annexed to the declaration, is no part of the declaration and cannot be reached by demurrer,

Writ of Error to the Circuit Court for Hillsborough county.

*J. T. Magbee,* for Plaintiff in Error.

*James Gettis,* for Defendant in Error.

DOUGLAS, J.

This case was brought up by writ of error from Hillsborough Circuit Court, where John Gallagher, the defendant in error, brought suit against Wm. B. Hooker, the plaintiff in error, upon a promissory note for "the sum of eighty dollars," alleged to have been made by him, payable to one Thomas Weeks or order, and by the said Thomas Weeks, sold and delivered to one William Butler, who sold and delivered the same to the plaintiff.

It is not alleged in the declaration that the note was endorsed, either by Thomas Weeks or Wm. Butler.

Annexed to the declaration is a copy of a single bill of the same date and amount, as the instrument described in it, and prefaced by the words, " *copy of note.* "

The defendant demurred to the declaration, and alleged as causes of demurrer: *First,* That plaintiff cannot sue on

the note, it not being endorsed; *Second*, The note being payable to order, is not negotiable without its being endorsed; *Third*, Copy of the note shows that there is no endorsement; *Fourth*, Plaintiff cannot maintain suit on the note as copied in the declaration. This demurrer was, after argument, overruled by the Court. Whereupon, the defendant put in three pleas: *First*, The general issue; *Second*, That the note was transferred by William Butler to plaintiff after it had become due and payable, and at the time it was transferred to plaintiff, by the said Wm. Butler the defendant held two (certain) promissory notes against the said Wm. Butler, which were transferred by one C. A. Walker, to defendant, of which plaintiff had notice, alleging further, that at the time of the transfer of said notes, the said Wm. Butler was indebted to the defendant, upon one of them, thirteen dollars and sixty-two and one-half cents, and upon the other, seventeen dollars and sixty-four cents.

The last plea alleges an indebtedness of the plaintiff to the defendant at the time when this suit was instituted, for money had and received by the plaintiff of the defendant, and for other money upon an account stated, amounting in the whole to one hundred and sixty dollars, offering to set off the said several sums, and concluding as in an ordinary plea of set-off. To the *second* plea the plaintiff demurred. To the *first* he joined issue, and replied to the *third*.

The plaintiff sets forth as cause of demurrer to the *second* plea, that the promissory note on which this suit was brought was payable to Thos. Weeks, or order, and the said Thos. Weeks, transferred the same to said Wm. But-

45

ler, and the said Wm. Butler transferred the same to the plaintiff, and therefore, the defendant hath no legal right to set up any debt that existed between him and the said Butler, as a set-off in this suit, and because the said plea is not responsive to the declaration, in this, that it does not set forth, that said note was made by the defendant, and payable to Thos. Weeks or *order.*

The demurrer, which by its term was confined to the *second* plea, was sustained. The order is as follows, viz: "On hearing argument on the demurrer to the pleas herein made and filed, the Court sustains the said demurrer." After which the plaintiff by his counsel moved for judgment by default, as for want of a plea, which motion was sustained and an order was entered that the Clerk assess the damages and he having assessed them at the sum of eighty-seven dollars and seventy-five cents, judgment was entered against the defendant for that sum.

The following errors are assigned, viz:

I. The Court erred in overruling defendant's demurrer to plaintiff's declaration.

II. The Court erred in permitting and hearing plaintiff's demurrer to defendant's pleas, after plaintiff had filed his replication thereto.

III. The Court erred in sustaining the plaintiff's demurrer to defendant's plea of set-off.

IV. The Court erred in not dismissing the plaintiff's suit after the plaintiff had demurred to defendant's pleas, because a demurrer openes all the pleadings, and the Court is bound to give judgment against the party committing the first error in pleading.

V. The Court erred in not dismissing the plaintiff's suit

after the demurrer to defendant's pleas, as stated in the fourth error, assigned for the following reasons, viz:

1. The plaintifi's suit was brought on a sealed instrument, and he did not set it out (as such) in his declaration.

2. There was a variance between the declaration and the note copied thereon.

3. Because the plaintiff had misconceived his cause of action, and brought his suit in assumpsit on a sealed instrument.

4. The Court erred in permitting the note to be given in evidence, it varying from note declared on in the declaration.

It is proper for us to remark, that the last error assigned, (viz: the fifth,) relates to a matter that is not properly before us. This Court has repeatedly held that the cause of action, a copy of which is required by the statute to be annexed to the declaration is no part of the declaration, and cannot be reached by demurrer.

If such a variance exists as is here alleged, the defendant when the note or bill was offered in evidence, might have objected to it on that ground, had his objection noted, (if it were not sustained,) and made the reception of the document in evidence, the ground of a bill of exceptions. Then it would have been legitimately before the Court for its action, it is not now, we return, therefore, to those that are. And the first is that the Court erred in overruling the defendant's demurrer to the plaintiff's declaration, and in this we agree with the counsel for the defendant and if he had relied upon this objection, and permitted the judgment to stand upon his demurrer, we should have reversed it for that cause, as we consider the declaration *defective in*.

*substance,* in not alleging that the note declared upon, which as we have seen was payable *to order,* was endorsed by the payee. If it was transferred, as is alleged in the declaration, the plaintiff might have brought suit upon it in the name of the payee for his use. (Chitty on Bills, Ed., 1842, page 204,) but not in his own name. The endorsement of the note was necessary to enable him to do that. *Ibid,* (note) p. 6, 201 and 204, notes and p. 518.— And see 3 Kent's Commentaries, page 88, as to endorsements.

A promissory note payable to order, is a negotiable instrument, and must be endorsed to give the holder, (other than the payee,) a right to call on the maker for payment, or to bring suit against him *in his own name.* The defendant, however, did not rely upon this principle, but put in several pleas, in two of which he attempted to set off debts alleged to be due to him from one Wm. Butler, an intermediate holder of the note. These pleas were clearly bad, whether the note was in point of fact endorsed or not, as our statute of set-off, (Thomp. Dig., p. 347, sec. 2,) only allows a set-off between the parties to the action. The Court therefore, was right in sustaining the demurrer to the second plea, but while doing this, it should have looked into the declaration, for we recognize the rule of law as laid down by the defendant's counsel, that a demurrer opens all the pleadings, and that the Court should give judgment against the party who committed the first error in pleading, if the error be a substantial one. Chitty in the first vol. of his work on pleading, 707, says: "A party should not demur unless he be certain that his own previous pleading is substantially correct, for it is an established rule, that

upon the argument of a demurrer, the Court will notwithstanding the defect in the pleading demurrered to, give judgment against the party whose pleading was first defective *in substance*, citing a great number of authorities in support of their position, all of which, so far as we have examined them, sustain it, and moreover, this Court has repeatedly so held. And as the first error in this case was committed by the plaintiff, (in the Court below,) the judgment upon the demurrer there, should have been for the defendant, and here we might, perhaps, with .propriety stop.

There are however, other errors in the record, which we deem it advisable to notice. The demurrer as before remarked is by its phraseology confined to the *second* plea, a fact we think that could not have been brought to the notice of the learned Judge who decided upon it, in the Court below; it was probably argued there, as it has been here, as though it extended to all the other pleas. Had the Judge understood that •it was thus confined, and that the plaintiff had joined issue on all the other pleas, he would not, we think, on motion of the plaintiff's counsel have given a Judgment by default as for want of a plea, and have authorized the Clerk to assess the damages.

The last plea was a plea of set-off, of an indebtedness by the plaintiff to the defendant to which the plaintiff had replied, and this raised an issue for a Jury to try.

Whether the plaintiff after filing his precipe, and causing his summons to issue in an action of assumpsit, could declare upon a "Single Bill," or as it is sometimes called, a note under *seal*, it is not necessary for us now to decide, but having declared upon a promissory note, we have no hesitation in saying, that he could not properly

be permitted to give such a document in evidence. They are very different instruments. The one is known to the law merchant, and is governed by its rules, having been placed by the statute of 3 and 4 Ann *chap.* 9, made perpetual by the statute of 7 Ann *chap.* 25, *upon the footing of inland bills of exchange,* (Bowie Ass. of Ladd vs. Duval 1 Gill and John, 175. Chitty on Bills Ed. 1842, page 518,) an act which should be most liberally construed being a remedial law, for the encouragement of trade. Milne vs. Graham 1 Bar. and Cres. 192. 2 Dow. and Ry. 293. De La Chaunette vs. Bank of England, 2 Barn. and Ald. 385. The other is not known to the law merchant, and if governed by its rules to any extent, it is only by virtue of our statute which makes bonds and other instruments under seal assignable, and when duly assigned authorizes the assignee thereof to bring suit thereon in his own name. See Thompson's Dig. p. 348, No. 3. The Judgment being erroneous, it must be reversed with cost, and the case be remanded to the Court below, for further proceedings, not inconsistent with this opinion.