E. E. ROPES, APPELLANT, VS. T. L. JENERSON, SOPHRONIA JENERSON, S. R. CAUSEY AND O. L. JENERSON, APPELLEES.

1. On a hearing upon bill, answer and replication after the time for taking testimony has expired, every allegation in the answer responsive to the bill is taken as true.

2. Where one seeking to set aside a conveyance of land as fraudulent rests his equity upon the vacant character of the land and there is answer under oath that deefndant is in possession thereof, such allegation is responsive to the bill and in the absence of other proof the bill must be dismissed.

3. A court of equity can not entertain a suit by a purchaser of real estate at execution sale, who is not in possession against a party who is in possession, to set aside a prior conveyance made by a judgment debtor as a cloud on complainant's title, on the ground that such conveyance was in fraud of creditors.

4. Upon a hearing on bill, answer and replication, after ascertaining that there is no equity in the bill, it is error to enter a decree adjudging the title to the land in controversy to be in defendants and that such land constitutes their homestead.

This case was decided by Division B.

Appeal from the Circuit Court for Putnam county.

The facts in the case are stated in the opinion of the court.

*E. E. Ropes in pro per.*

No appearance for Appellees.

COCKRELL, J.

Appellant, as complainant below, filed his bill against the appellees to set aside as voluntary a certain conveyance of real estate made by T. L. Jenerson and wife Sophronia to S. R. Causey, and by the said Causey to the said Sophronia, and also a conveyance of other realty by the said T. L. Jenerson and wife to their son O. L. Jenerson. He averred the recovery of a judgment in another county against the said T. L. Jenerson about one year prior to these conveyances and that all parties had notice thereof, and that since said conveyances execution had been sued out upon said judgment and appellant had become the purchaser of said lands at a sheriff's sale thereunder. Service was had upon O. 'L. Jenerson and S. R. Causey and a decree was entered May 15, 1895, ordering the said O. L. Jenerson to deliver up his deed for cancellation. Three years thereafter T. L. Jennerson and wife appeared and demurred to the bill, whereupon the said Ropes amended by averring that the said lands were unoccupied. that the defendants T. L. Jenerson and wife were not in Florida when the suit commenced, and had no agent or attorney upon whom service of process could be made, and that said land was not in the possession of any person against whom an action of ejectment could be brought. Thereupon the said T. L. Jenerson and wife answered under their several oaths, among other things, that they were in actual possession of the lands so conveyed to Sopronia, occupying it as their home at the time the bill was filed and had continued so to occupy it; that said land was their homestead before the bringing of the original common law action and had been ever since. They admitted that at the time the bill was filed they were

ten porarily absent from the State. Replicaion was filed and after the time for taking testimony had expired the appellant set the cause down for final hearing on bill. answer and replication. A decree was thereupon entered decreeing the land so conveyed to the said Sophronia to be the 1 omestead of the said T. L. Jenerson and his wife, the said Sophronia, and dismissing the bill as to this; the former decree ordering the deed to O. L. Jenerson concelled was confirmed, and the costs since the former decree were taxed against the complainant. O. L. Jenerson is not objecting here to the several decrees.

On a hearing upon bill, answer and replication, after the time for taking testimony has expired, the rule is that every allegation in the answer responsive to the bill is taken as true. Kellogg v. Singer Manufacturing Company, 35 Fla. 99, 17 South. Rep. 68. The equity of the bill was rested by the complainant upon the allegations that the land in controversy was unoccupied and there was no one in possession against whom ejectment would lie. There is no claim whatever that he was himself in possession, and his failure to test the right to the possession at law was based upon the alleged vacant character of the land. The answer squarely met this equity by averring the actual occupancy thereof by the defendants as a home. The only evidence as to its character was that given in the sworn answer, and it may be, therefore, taken as established that the land was occupied adversely.

A court of equity can not entertain a suit by a purchaser of real estate at execution sale. who is not in possession. against a party who is in possession. to set aside a prior conveyance made by the judgment debtor as a cloud on complainant's title. on the ground that such conveyance was in fraud of creditors. If the conveyance sought to be set aside was fraudulent, it was void as to creditors,

and the complainant by his purchase acquired the legal title, and has a plain, adequate and complete remedy at law. Morrison v. Marker, 93 Fed. Rep. 692; United States v. Wilson, 118 U. S. 86, 6 Sup. Ct. Rep. 991; Smith's Executor v. Cockrell, 66 Ala. 64.

The bill as to this land was, therefore, properly dismissed, but the court should have stopped here. Having ascertained there was no equity in the bill, there should not have been a decree adjudging the title to be in the defendants and that such land constituted their homestead.

The final decree from which this appeal is taken, in so far as it adjudges the lands therein described to be the homestead of T. L. Jenerson and Sophronia Jenerson, his wife, is reversed, and in all other respects it is affirmed. The costs of this appeal will be taxed against T. L. Jenerson.