BESSON & CO., Limited, v. GOODMAN, et al.

(Circuit Court, S. D. New York. July 6, 1906.)

1. EQUITY—PLEADING—HEARING ON BILL AND ANSWER.

Where a replication is withdrawn, and the case set down for hearing on bill and answer, complainant admits every positive averment of fact in the answer, and obtains no benefit from any fact alleged in the bill which the answer positively denies.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 711.]

2. SAME—IRREGULARITIES—WAIVER.

Complainant, by setting a suit down for hearing on bill and answer, waives all informalities and irregularities in the answer, which could only be reached by exceptions.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 665.]

3. SAME—DISMISSAL.

There being no way to attack the substance of an answer, except to bring the matter forward for hearing on the bill and answer, where a suit is set down for such hearing in good faith, and a separate defense in the answer is insufficient, the bill will not be dismissed, but the insufficient defense will be stricken, and complainant granted leave to file a replication on payment of one-half the costs.

[Ed. Note.—For cases in point, see vol. 19, Cent Dig. Equity, § 827.]

In Equity.

Seymour, Seymour & Megrath, for complainant.
Benjamin Patterson, for defendants.

PLATT, District Judge. The complainant has set this matter down for hearing upon bill and answer. A replication had been filed, but that is, by agreement, to be considered as withdrawn from the files. By such action the answer becomes entitled to a liberal construction in the defendants' favor. To put it more definitely, the complainant admits every positive averment of fact in the answer, and

obtains no benefit from any fact alleged in the bill which is positively denied in the answer. Such being the situation, complainant contends that the answer is insufficient in law to force it to produce proofs in support of the allegations of the complaint. It is true that the court at the hearing allowed the defendants one week in which to amend their answer by inserting "upon information and belief" in connection with their allegation that the instruments by them sold were in fact genuine. The defendants prefer to stand upon their answer and decline to amend.

Upon reflection, the court is satisfied that the complainant, by setting the matter down for hearing on bill and answer, has waived all informalities and irregularities in the answer, and that the only way to reach them was by exceptions. It is also thought that the major part of complainant's criticism of the answer upon this hearing would have been relevant at a hearing upon exceptions. Without going into details, the answer stands in the way of a decree of any kind for the complainant. The only real question to be decided is whether, that being so, the court is bound to dismiss the bill. There being no right to file a demurrer in equity practice, there would appear to be no way to attack the substance of an answer, except to bring the matter forward for hearing on the bill and answer. When this has been done in the best of faith, and the case at bar is an instance of such good faith, it would not conduce to an orderly and speedy disposition of causes if it shall become the rule that the complainant can only make such attack at the risk of being dismissed, if it shall appear to the court that he took a wrong view of things. I do not think that any binding precedent for such action exists, and I am not willing to aid in establishing one.

The separate defense is insufficient, and gave the complainant some reason for the course taken. Let it be stricken out. Let the complainant pay the defendants one-half the costs which have accrued by reason of setting this matter down for hearing on bill and answer. The replication may then be filed, and the cause proceed in the regular way under the rules.