W. M. BOSTWICK, JR., *Appellant,* v. GRANT VAN SANT,
DUVAL CATTLE COMPANY, a Corporation; J. G. BOYD,
TELFAIR STOCKTON, J. T. McCARTHY, H. B. MINIUM, NELL
L. COWAN BOSTWICK, ANNIE E. BOYD, SAUCER NAVAL
STORES COMPANY, a Corporation, and LACKAWANNA
NAVAL STORES COMPANY, a Corporation, *Appellees.*

Division A.

Opinion filed October 8, 1929.

566

*W. M. Bostwick, Jr.,* and *Joseph M. Glickstein,* for Appellant;

*Marks, Marks & Holt,* for Appellees.

ELLIS, J.—This is an appeal from an interlocutory order dated January 18, 1928, in which certain portions of a joint answer, to which appellant was a party, interposed to a bill of complaint, were stricken and in which a motion interposed by appellant and others to strike complainant's replication was denied.

Assignments of error were made upon that order, as well as upon a prior one made August 26, 1927, in which a demurrer of appellant and others to the whole bill of complaint and specifically as to certain paragraphs was overruled. The appeal was entered February 9, 1928, from the interlocutory order dated January 18th of that year.

The rule has obtained in this jurisdiction since 1895 that when several interlocutory orders are made in a case and only certain ones specified are appealed from the appellate court will be confined to the orders mentioned in the appeal. See Miami v. Miami Realty, Loan & Guaranty Co., 57 Fla. 366, 49 So. R. 55; Wiggins v. Williams, 36 Fla. 637, 18 So. R. 859; Morgan v. Howell, 74 Fla. 334, 76 So. R. 869; Prall v. Prall, 58 Fla. 496, 50 So. R. 867; McCall v. Lee, 66 Fla. 14, 62 So. R. 902; Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 So. R. 722.

We will consider therefore only such assignments of error as attack the order of January 18, 1928, which sustained the complainant's motion to strike certain portions of the defendants' answer and denied the defendants' motion to strike the complainant's replication.

The arrangement of the brief does not conform to the rule which requires each assignment of error to be separately argued on pain of suffering the failure of all where being grouped any one assignment fails. See Atlantic Coast Line R. Co. v. Whitney, 65 Fla. 72, 61 So. R. 179; Hall v. State, 78 Fla. 420, 83 So. R. 513; Smithie v. State, 88 Fla. 70, 101 So. R. 276.

Under the caption in the brief of "Assignments of Error numbered 7 to 18 inclusive severally" counsel proceed not to discuss the assignments but the grounds of the complainant's motion to strike portions of the answer. Sections 1, 2, 3 and 4 of the motion are dealt with by assignments numbered from 8 to 16 inclusive and the one numbered 18,

while assignment numbered 17 deals with the motion of defendants to strike the complainant's replication. This method of discussing the points sought to be presented produces the inconvenience which the rule seeks to avoid. If in the preparation of briefs counsel would observe the rules applicable thereto much difficulty would be avoided and patience conserved, which is probably a good reason for the rule.

The bill of complaint in this case is one in which Grant Van Sant, a substitute trustee under a deed of trust executed by the Duval Cattle Company to secure the payment of certain of its promissory bonds aggregating Seventy-five Thousand Dollars, seeks to foreclose the security represented by the deed upon the lands described in the bill. Mrs. Nell L. Cowan Bostwick and her husband were made parties defendant because it was alleged that Mrs. Bostwick claims to be the owner in fee simple of the lands. Mrs. Annie K. Boyd, Saucer Naval Stores Company, a corporation, and Lackawanna Naval Stores Company, a corporation, were made parties defendant because, as it was alleged, they claim to own some interest in the mortgaged premises.

The bonds were numbered from one to one hundred and eighty inclusive and were in the denominations following: those numbered one to fifty inclusive, One Thousand Dollars each; those numbered from fifty-one to eighty inclusive, Five Hundred Dollars each, and those numbered from eighty-one to one hundred and eighty inclusive, One Hundred Dollars each. It was alleged that the defendants, J. G. Boyd, Telfair Stockton, W. M. Bostwick, Jr., J. T. McCarthy and H. B. Minium, joined with the defendant Duval Cattle Company in executing said bonds and thereby jointly and severally promised to pay same to bearer. A copy of one of the bonds as a specimen was attached to the bill as Exhibit "A" and made a part of the bill. A copy of the

trust deed executed to secure the payment of the bonds and the interest accruing thereon was also attached to the bill as an exhibit and made a part of the bill. ·

It was alleged that covenants in the mortgage for the payment of taxes, and discharging all statutory liens that might be placed on the property had been violated in that taxes for the year 1926 and taxes on part of the property for the years 1924 and 1925 were unpaid as also the Baldwin Drainage District tax for the years 1922, '23, '24, '25 and '26 were delinquent; that covenants for furnishing fire insurance and life insurance policies upon one or more lives in a sum equal to the principal of the bonded indebtedness were also suffered and permitted to become in default; that the covenant for additional security was violated and that the mortgagor and the other named defendants who executed the bonds agreed in writing in September of 1919 by their joint bond that the mortgagor had covenanted to furnish additional security for the payment of the bonds and that they therefore bound themselves that the mortgagor should give to the trustee a first lien on 1260 acres of land adjacent to the property mortgaged and in default of which they would pay to the trustee Ten Thousand Dollars to be used in reducing the principal of the mortgage indebtedness, but that the defendants had defaulted in that obligation.

It was also alleged that the mortgage contained covenants to the effect that the mortgagor would suffer no matter or thing to occur whereby the lien of the mortgage would become impaired; that it would make no default in the payment of interest but that such covenants had been breached and suffered to be in default. It was also alleged that under the provisions of the mortgage the trustee was empowered in view of these failures and delinquencies of the defendants to declare the entire principal sum to be due

which the trustee had done and therefore brought his bill to enforce the collection of the debt by the enforcement of the lien of the mortgage.

The answer to that bill contained the averments which were stricken on complainant's motion which action of the chancellor was made the subject of the errors assigned ·as numbers 8 to 18 inclusive except the one numbered 17.

The answer of the defendants neither admits nor denies the allegations of paragraphs 1, 2, 3 and 4 of the bill of complaint. Those paragraphs of the bill allege the indebtedness of the Duval Cattle Company and the form and denominations of the bonds by which it was evidenced, the execution of the mortgage and its contents, the acceptance of the trust and the authority of the complainant to maintain the suit and the purpose of the trust deed to secure the payment of the indebtedness evidenced by the bonds and the performance of the covenants contained in the deed of trust.

When a defendant is brought into a court of chancery to answer a bill of complaint he is required to make full, true, direct and perfect answer to the allegations of the bill, failing to do which he admits them. It is not sufficient to merely state that he "neither admits nor denies." He must as to all material allegations either admit them or if he has no knowledge of the facts alleged he may disclaim such knowledge and require strict proof if he so desires. If he knows that the allegations are true he must admit them and the waiver of an answer under oath constitutes no commission to either evade or prevaricate. See Hunter v. Bradford, 3 Fla. 269, text 285; Mitford & Tyler's Equity Prac. 397; 1 Ency. Pleading & Prac. 875; Story's Eq. Pleading, 10 Ed., Sec. 852; Vreeland v. N. J. Stone Co., 25 N. J. Eq. 140; Trustees Methodist Epis. Ch. v. Jacques,

1 Johns (N. Y.) 65; Young v. McCormick, 6 Fla. 358; 21 C. J. 471.

Paragraph numbered two of the answer denied that the State and County taxes on the property for the year 1926 were ''wholly due and unpaid'' and averred that such taxes were not delinquent until May 1, 1927, four days after the bill was filed. This averment is made by way of a conclusion based upon a telegram from the Governor to the tax collector of Duval County requesting that the collector of the county ''permit people to pay their State and County taxes up to May first.'' The telegram was dated April 2, 1927.

There was no error in the court's order striking that part of the answer. The statute fixed the time when taxes became delinquent. See Secs. 741-756, Rev. Gen. Stats. 1920.

The mortgage contained a covenant that the mortgagor would pay all taxes and assessments levied upon the property at least ten days before they became delinquent and should forthwith send the tax receipt to the trustee for inspection. Even if the action of the Governor was effective to suspend the statute and defer the tax delinquency until May 1st the mortgagor was bound by its covenant to pay the tax not later than April 20th so that under the showing made by the answer the covenant was breached. That part of the answer was insufficient for any purpose so far as the tax for 1926 was involved but the bill alleges also that taxes for the years 1924 and 1925 upon parcels of the mortgaged property had not been paid and were delinquent which fact constituted a breach of the covenant in itself so that the answer constituted no defense whatsoever and was useful for no purpose. The play on the phrase ''wholly due and unpaid'' has no merit because if any part of the tax was not delinquent but taxes upon

part of the property were delinquent the covenant was breached. It was merely a matter for the master to ascertain what portion of the taxes were unpaid in estimating the amount due by the mortgagor.

The bill alleged that the taxes assessed by the Baldwin Drainage District upon the lands had been delinquent since the year 1922 and that such taxes for the years 1923, 1924, 1925 and 1926 were due and unpaid.

Paragraphs two and four of the answer relating to such drainage tax denied that "any legal taxes, assessments or impositions" were due the Baldwin Drainage District. That language of the answer was stricken. This was an attempt to compel the complainant to litigate in this proceeding the legality of the drainage tax. The drainage district was in existence functioning as a *quasi* public corporation. The mortgage contemplated the prompt payment of taxes levied by that district as a protection to the bond holders against any impairment of the security evidenced by the trust deed. The covenant to pay such taxes was not conditioned upon the establishment by the mortgagee of the validity of each assessment. It was not incumbent upon the trustee to seek the invalidation of every drainage tax before requiring the mortgagor to perform its covenant to pay it. If the tax was invalid it remains for the mortgagor to attack it and the adjudication of its invalidity would then be a sufficient defense. The position assumed by the defendants is inequitable. It is their duty to attack the tax if they deem it to be invalid and during such litigation offer sufficient indemnity to the mortgagee to protect the security against any impairment by reason of the failure to perform the covenant.

The authority cited by appellees we think announces the correct view. See Williams v. Hilton, 35 Me. 547, 58 Am. Dec. 729.

We think there was no error in striking that portion of the answer.

Section three of the motion to strike was directed against paragraphs ten, eleven and twelve of the answer. Those paragraphs undertook to attack the legality of the Baldwin Drainage District as a taxing agency of the State for which the district was organized. We think that question cannot be litigated in this proceeding for the reason already given. To permit it to be done would be to allow a collateral attack upon the taxing agency of the State in a cause to which the officers of the district are not parties and upon whom the court's judgment would not be binding. It would be to permit the perpetual existence of a cloud upon the title of the property mortgaged, the consequent impairment of the security or force the mortgagee into litigation to remove it which would be in violation not only of the words of the covenants but a defeating of their purpose.

Section four of the motion attacks paragraph thirteen of the answer which avers that the complainant had admitted the invalidity of the drainage tax. In the view we have of the point such averred admission is immaterial. It is not a question of what the mortgagee thinks about the validity of the tax. It is whether the tax was levied or assessed by a *de facto* agency of the government under apparent authority of law and whether the mortgagor has permitted such assessment to exist as an apparent lien upon the property in violation of its covenant to discharge it.

The seventeenth assignment of error attacks so much of the order of the court appealed from overruling defendant's motion to strike the complainant's replication. That replication denied all averments in the answer charging the complainant with an effort to purchase the bonds at a discount and resell them at a profit, and that the complainant

had purchased a large number of the bonds and sold them at a profit to himself.

In so far as such averred conduct on the part of the trustee might be reprehensible and subject him to an accounting to his *cestuis que trustent* and a corresponding reduction of the amount of the recovery against the defendants, we are unable to perceive the inappropriateness of the denial. In all events it would be a matter which the chancellor can dispose of upon the coming in of the master's report.

We have discovered no error in the proceedings; so the order appealed from is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.