CITIZENS BANK & TRUST COMPANY, a Banking Corporation, as Trustee, *Appellant,* v. WALTON P. GREY, FRANCES E. GREY, his wife, and JAMES P. CLARK, *Appellees.*

En Banc.

Opinion filed October 21, 1930.

*H. D. Wentworth,* for Appellant;

*Caraballo, Graham & Cosio,* for Appellees.

MATHEWS, Commissioner:

On January 20, 1927, Citizens Bank & Trust Company, a corporation, as trustee, filed its bill in the court below to foreclose a mortgage alleged to have been made by Walton P. Grey and Frances E. Grey, hereinafter referred to as defendants, to Isaac Hanan and assigned to complainant. Defendants answered the bill and in their answer suggested the bill was defective for want of parties and in their said answer demurred to the bill for want of equity and improper joinder of parties complainant.

After time for taking testimony had run, defendants set the cause down for final hearing on bill and answer.

At final hearing, complainant confessed the demurrer interposed by defendants in their answer and asked leave to file an amended bill differing from the original in that the proposed amended bill alleged and set forth that complainant was seeking to foreclose the said mortgage as trustee for certain bondholders. Defendants asked leave at final hearing to withdraw the demurrer incorporated in their answer.

Final decree was entered as follows:

"This cause * * * coming on this day to be heard upon the bill of complaint, the answer of the defendants * * * the motion of the complainant for leave to amend its bill and the court having heard the argument of counsel for the respective parties, and the defendants, Walton P. Grey and Frances E. Grey, * * * having withdrawn the prayer in said answer for affirmative relief and the demurrer incorporated therein, leaving only for the consideration of the court the defenses to the bill set forth in said answer, to-wit:

"1. That the defendants did not execute nor deliver the notes and mortgages set forth in said bill of complaint.

"2. That the consideration for the notes and mortgage mentioned in said bill of complaint has failed.

"And it appearing to the court that the said defenses contained in the answer as above set forth are responsive to the bill and the time for taking testimony having expired and no testimony having been taken, and this cause having been properly set down for hearing on bill and answer and the court being fully advised in the premises, it is thereupon and in consideration thereof

"ORDERED, ADJUDGED AND DECREED That the bill of complaint be and the same is hereby dismissed."

From this decree complainant appealed.

The bill alleged:

"That * * * to-wit, on the 1st day of October, 1925, the said Walton P. Grey purchased from one Isaac Hanan the real estate hereinafter described for the sum of Five Thousand Dollars, which he agreed to pay for the same; that in evidence of said payment, the said Walton P. Grey and Frances E. Grey executed their promissory note, dated October 1, 1925, wherein and whereby on or before one year from date they promised to pay to the order of the said Isaac Hanan the sum of Five Thousand Dollars;"

and

"That to secure the payment of said promissory note, the said Walton P. Grey, joined by his wife, Frances E. Grey, made, executed and delivered to the said Isaac Hanan their mortgage deed, dated the 1st day of October, 1925;"

and

"That thereafter the said Isaac Hanan duly indorsed and transferred said promissory note to your orator, as Trustee, and transferred and assigned said mortgage to it."

The answer of defendants denied

"That on the 1st day of October, 1925, they purchased the lands described in the bill of complaint and executed and delivered the notes and mortgage therein set forth."

The answer admitted that on or about June 3, 1925, Isaac Hanan executed and delivered to defendants a deed to said land and took back a note for $5000.00 payable one year after date, secured by mortgage dated June 3, 1925, and that upon receiving deed defendants went into possession of the mortgaged land. The answer further set forth

"That *if* the mortgage set up in the bill of complaint was executed and delivered by these defendants, which they deny, then such mortgage was made solely for the purpose of correcting an error in the drafting of the mortgage of June 3rd, 1925."

The bill of complaint refers to the original mortgage, thereto attached and made a part thereof, bearing date

October 1, 1925, which appears to have been acknowledged on November 9th, 1925, before a notary public with official seal.

Defendant in his answer is required in short and simple terms to set out his defense to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the defendant relies, unless the defendant is without knowledge in which case he shall so state, and such statement operates as a denial. Section 4904 (3118), Comp. Gen. Laws of Florida, 1927; Bostwick v. Van Sant, 98 Fla. 565, 124 So. R. 14.

Defendant in his answer cannot shelter himself behind equivocal, evasive, or doubtful terms, and thus mislead complainant, nor behind a general denial which amounts to no more than a negative pregnant or an evasion of the points of substance. 1 Ency. Pl. & Pr. 876; McBride v. Worley, 66 Fla. 564, 64 So. R. 235.

Where the facts are within defendant's knowledge he must answer positively (1 Ency. Pl. & Pr. 876, 932, Bostwick v. Van Sant, *supra;* Section 4904 (3118), Comp. Gen. Laws of Florida, 1927, an evasive and qualifying answer has been held to amount to an admission. 1 Ency. Pl. & Pr. 930.

The answer also sets up that defendants:

"On or about the 3rd day of June, 1925, entered into a contract in writing with the said Isaac Hanan to purchase * * * the lots described in the bill of complaint, and agreed to erect thereon certain buildings. That in said agreement *and as a part of the consideration for the purchase of said lots* (Italics.. supplied), the said Isaac Hanan agreed to fully com-

plete the paving, install curbing and sidewalks and supply water, gas and electricity on what was known as West Shore Drive by October 1, 1925'' * * * and ''said improvements were * * * uncompleted on or before the first day of October, 1925, as agreed upon,'' and that complainant merely holds as trustee and that complainant and *cestuis que* trust took with notice.

On a hearing on bill and answer, after the time for taking testimony, every allegation in the answer responsive to the bill is taken as true; (Ropes v. Jenerson, 45 Fla. 556, 34 So. R. 955, 110 A. S. R. 79) and this Court has held that an answer to a foreclosure setting up a partial failure of consideration casts the burden of proof upon the complainant, (Otis v. McCaskill, 51 Fla. 516, 41 So. R. 458) and that the court on final hearing should render such decree as the right and justice of the case may require, and may, for good cause, open the case to allow further time for taking testimony. Equity Rule No. 86; DaCosta v. Dibble, 40 Fla. 418, 24 So. R. 211.

The answer here was not a complete bar to the bill and there was no evidence from which the chancellor could ascertain the exact amount due complainant.

On final hearing on bill and answer, where the chancellor cannot render an equitable decree on the pleadings it is error to dismiss the bill with prejudice. Under such conditions, the chancellor should dismiss without prejudice, or allow all proper amendments to pleadings and proceed with the taking of testimony. Mershon v. Barnard, 79 Fla. 253, 84 So. R. 95; Platt v. Miller, 72 Fla. 92, 72 So. R. 482; Besson & Co. v. Goodman, 147 Fed. R. 887; Equity Rule No. 86.

Reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, reversed.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.