C. W. NELSON v. W. E. LEWIS.

173 So. 835.
Division A.
Opinion Filed April 12, 1937.
Rehearing Denied May 3, 1937.

*Clarence W. Nelson,* for Appellant;
No appearance for Appellee.

BUFORD, J.—In this case the appeal is from a decree fore-closing a tax deed as a lien on the lands sold for taxes.

The appellant presents two questions for our considera-tion. The first is whether or not the complainant was en-titled to be decreed a lien for the amount of the involved certificates, costs and taxes therein included, as shown on the face of the certificates together with interest on such full amount to the date of the decree and whether or not the complainant was also entitled to have a decree for the full amount of subsequent taxes with interest thereon from the time of payment to the time of the decree, the conten-tion being that the complainant is not entitled to decree for the interest on the amount of the interest and costs shown on the face of the certificates issued by the Clerk. This question has been determined adversely to the appellant's contention in the case of State, *ex rel.* Comfort, *et al.,* v. Leatherman, 99 Fla. 899, 128 Sou. 21, wherein we said:

"We think the contention of the respondent is well founded that the word 'thereon,' the last word of said Sec. 1002, could not have referred to any other subject in the sentence except the words 'the full amount that may then be due the applicant for all certificates, fees and cost of publication.' As pointed out by the relators, 'the full amount' then due the applicant for each certificate that is up to the time of application for tax deed, which is reg-ulated by the provisions governing redemption before that time, is fixed by those statutes at the amount of the taxes, with interest at the rate of twenty-five per cent. per annum for the first year and eight per cent. per annum thereafter. In other words, no other reasonable meaning can be given to the words 'full amount' and 'then be due' than that they included the taxes for which the lands were sold, with in-terest at twenty-five and eight per cent. for the first and

subsequent years respectively, together with fees and cost of publication, this being the principal amount, so to speak, liquidated as of the time of application for a tax deed or at commencing of publication of notice therefor. Then, omitting for the moment the alternative phrase as to redemption of a portion of the land, there follows the words, preceded only by a comma, 'together with eight per cent. thereon.' With the intervening alternative clause omitted, it reads: 'by paying to the clerk the full amount that may then be due the applicant for all certificates, fees and cost of publication, together with eight per cent. thereon.' It is quite clear that the phrase 'together with eight per cent. thereon,' separated as it is only by a comma from the principal phrase (and the intervening phrase being in the alternative), can mean nothing else than eight per cent. on the principal amount so liquidated, to-wit: 'The amount due' for all certificates, fees and cost of publication. This evident meaning is strengthened by the use of the word 'thereof' in the intervening clause commencing 'or such portion thereof. This word 'thereof' manifestly refers to the total amount due for certificates, plus fees and cost of publication, for otherwise redemption could be made of a portion of the land by paying only the proportionate part of the *fees and cost of publication,* which, of course, could not have been intended.

"It is further contended by the respondent that no reason appears why the legislature should make the owner pay such a trifling sum as eight per cent. per annum on the cost of publication, which in most cases would scarcely amount to more than ten or fifteen cents, although in this case it involves a large number of certificates and an unusually large amount of money, and amounts to probably as much as $25.00.

"It is apparent that the language of this section refers to an aggregate total sum, and that the words 'certificates,' 'fees,' and 'cost of publication' are all parts of a series, co-ordinate clauses, and are all objects of the preposition 'for' and all refer to the words 'full amount.'

"Consequently, the words 'together with eight per cent. thereon' also refer to the words 'full amount,' that is, 'the full amount that may then be due the applicant for all certificates, fees and cost of publication.' The language of the section deals with an aggregate total sum, and the last part of the section merely sets forth the items comprising this aggregate sum, and hence the word 'thereon' refers to the words 'full amount.' This is the construction which the ordinary and common usage of the language employed leads to."

And so we hold that the interest was properly computed.

The next contention is that the court erred in entering a decree for attorney's fees without proof of the complainant's liability and without proof of the amount which should reasonably be recovered. The fee is statutory and, therefore, is collectible, but the amount of the fee is a matter to be determined upon evidence adduced as to what is a reasonable attorney's fee in each particular case within the statutory limitation. In Inter-City Security Co., et al., v. Barbee, 106 Fla. 671, 143 Sou. 791, we said:

"The claim for the statutory attorney's fee provided for by Section 18 of Chapter 14572, Acts 1929 (Sec. 1003-6 Comp. Gen. Laws 1932 Supp.), was also properly allowed because such attorneey's fees are in the nature of an additional statutory penalty imposed for non-payment of the tax, and is allowed as part of the costs in enforcing the collection. In seeking a *statutory* attorney's fee permitted to be recoverd as part of the costs of foreclosing a delin-

quent tax certificate under Chapter 14572, Acts 1929, an allegation that the fee is claimed and a prayer for its allowance in the event of foreclosure, with proofs to support the basis for the allowance and the reasonableness of what is claimed, is sufficient to warrant a decree allowing the statutory fee as an incident to a decree of foreclosure."

So it is that without proof of what would constitute a reasonable attorney's fee, the lien for the amount allowed by the court was not warranted and the amount of the decree was, therefore, in excess of what the defendant should have been required to pay to redeem the land.

For the reasons stated, the decree should be reversed with directions that the case be returned to the rolls and evidence taken as to the amount which the complainant is entitled to recover as a reasonable attorney's fee in this case and, thereupon, that a decree be entered in accordance with the views herein expressed.. Such decree, however, should not include interest from the date of the decree. here appealed from.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.