On Rehearing
RAWLS, Judge.
Jimmy Selph doing business as J. & S. Motors brought this appeal from a summary final judgment entered by the trial court in favor of appellee, Commercial Credit Corporation. On October 17, 1961, this Court entered its per curiam opinion affirming the summary final judgment entered by the trial Court.
On petition for rehearing appellant has raised two grounds for the granting of a rehearing, viz. 1. that the trial Court erred in construing the terms and conditions of the retail installment contract which was the basis for the original action in arriving at the amount of damages awarded Commercial Credit Corporation; and 2. in construing the said retail installment contract to the extent that it provided for the allowance of attorney’s fees in favor of Commercial Credit Corporation and against the appellant, Jimmy Selph, and in not requiring proof as to reasonable attorney’s fees.
We find no error committed by the trial Court in its proceedings and in entering the summary final judgment except as to the manner in arriving at the amount of reasonable attorney’s fees. The contract between the parties clearly contemplated the allowance of attorney’s fees in favor of Commercial Credit Corporation in the event it was necessary for it to enforce same.[1] The terms of the contract “ * * * all costs and expenses paid or incurred by Commercial Credit Corporation” requires proof of expenses incurred and the reasonableness thereof. The complaint in this cause alleged that defendant was liable to the plaintiff for reasonable attorney’s fees. The only proof that we can find in the record of this cause adduced before the trial Court with reference to attorney’s fees is an affidavit of J. E. Baker, Jr., Assistant Treasurer of Commercial Credit Corporation, which among other things states: "As a result of defendant’s breach of warranties contained in the contract attached hereto, the defendant has found it necessary to place this matter in the hands of its attorneys, Clayton, Arnow, Duncan & Johnston, to enforce collection hereof and has agreed to pay them a reasonable fee for their services herein.” The trial Court through a procedure not dis *243 closed by the record arrived at the sum of $220.41 as a reasonable attorney’s fee and included said sum in the judgment entered in its summary final judgment. Prior to making an award of attorney’s fees as raised by the pleadings in this cause, it is elementary that proof of the reasonableness of such fee must be adduced prior to the trial Court’s determining same. Therefore, this cause is reversed solely for the purpose of permitting the trial Court to receive proper testimony as to a reasonable attorney’s fee in this cause. Upon receipt of such testimony, it is directed that the trial Court amend its summary final judgment to reflect its conclusions only as to this matter.[2]
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.

. 7 Ma.Jur., Contracts, § 77, p. 142.

. Nelson v. Lewis, 127 Fla. 654, 173 So. 835 (1937).