PEARSON, TILLMAN, Chief Judge.
The defendant appeals from a final decree entered upon bill and answer. The complaint set forth that the defendant-insurance company had issued to the plaintiff a policy providing for hospital, surgical and medical benefits; that plaintiff had sustained charges covered by the policy and filed a claim which the company refused to pay. The complaint further alleged that the company had given notice of rescission in which it claimed fraud in the procurement of the policy and that a controversy existed as to the terms of the policy. The prayer was for a declaration of plaintiff’s rights under the policy, a judgment “for all sums due” and for attorney’s fees. The plaintiff said in his complaint that he was not guilty of fraud.
The defendant’s answer admitted the issuance of the policy but alleged fraud in its procurement, and in a counterclaim defendant sought cancellation of the policy. The plaintiff filed his reply to the counterclaim. Thereafter, the time for taking testimony having expired, the defendant moved for a decree upon bill and answer.
The final decree was for the plaintiff. The chancellor found that the burden of proving the fraud had been upon the defendant. He entered judgment for $150.00 upon the claim and $250.00 for attorney’s fees. This appeal followed and we reverse in part.
We first consider appellant’s contention that it was entitled to a decree dismissing the complaint. It urges that the plaintiff having alleged in his complaint that he was innocent of fraud, the burden was upon him to prove it. This is not true because plaintiff’s allegation that he was free from fraud was surplusage. The burden of *653 proving fraud is upon the one asserting fraud. E. g., Biscayne Boulevard Properties v. Graham, Fla.1953, 65 So.2d 858; Welbourn v. Cohen, Fla.App.1958, 104 So. 2d 380.
Appellant correctly points out that the complaint will not sustain the judgment for $150.00 upon the claim. The proof of claim was not made an exhibit to the complaint and there is no allegation as to the amount of the claim. Therefore the answer cannot have admitted the amount. It does admit that a claim was filed but this is not enough to support a judgment.
As to the attorney’s fees, the chancellor correctly concluded that the plaintiff having prevailed upon his complaint became entitled to a fee under section 627.-0127, Fla.Stat., F.S.A. The complaint does not support a judgment for a definite amount. Evidence of such an amount is necessary in order to determine what is a reasonable attorney’s fee. Cf. Nelson v. Lewis, 127 Fla. 654, 173 So. 835.
When a party properly moves for a decree upon bill and answer after the expiration of the time for the taking of testimony,[1] the action of the chancellor in disallowing testimony and disposing of the case on the merits is within his sound discretion and will not be disturbed where no abuse of that discretion has been shown. Tropicaire Engineering Service Corp. v. Chrysler Airtemp Sales Corp., Fla.App. 1957, 97 So.2d 149, 150. When the chancellor cannot render an equitable decree upon the pleadings, however, he should dismiss without prejudice or allow proper amendments and proceed with the taking of testimony. Citizens’ Bank & Trust Co. v. Grey, 100 Fla. 958, 130 So. 274.
That portion of the decree which finds the plaintiff entitled to recovery and an attorney’s fee is affirmed. That portion which enters judgment for the benefits and for attorney’s fee is reversed. The cause is remanded for further proceedings in accordance with this opinion.
Affirmed in part, reversed in part and remanded.

. Rule 3.13, 31 EISA.., was abolished October 1, 1961; however, this action was commenced prior to the abolishment and is therefore governed by Rule 3.13, supra, where applicable.