BARKDULL, Judge.
The appellee, Strassburg, as plaintiff, filed a common law action in the Civil Court of Record in and for Dade County, Florida, grounded upon fraud and deceit against the appellee, Leo Mark, and the appellant, Ashley Goodman, seeking to recover $5,-000.00 delivered to Mark. After the issues had been drawn by the pleadings, both the plaintiff and the defendant, Goodman, moved for a summary judgment. Upon these motions coming on to be heard, the lower court entered a summary final judgment in the principal sum of $5,000.00, plus interest and costs, against both the defendants, Goodman and Mark, jointly and severally.
This appeal was prosecuted solely by the defendant, Goodman, seeking reversal of the summary final judgment as to him, urging that the record fails to establish any liability of the defendant, Goodman, to the plaintiff.
No appeal having been taken by the defendant, Mark, the question of the sufficiency of the evidence before the trial court to justify the entry of a summary final judgment as to him has not been preserved for review by this court.
Generally, summary judgments are not favored in actions bottomed upon charges of fraud, as the determination of this conduct is generally within the province of the trier of the facts. Alepgo Corporation v. Pozin, Fla.App.1959, 114 So.2d 645. But when both parties move for a summary judgment, they authorize the trial judge to determine the cause on the record before him. Dezen v. Slatcoff, Fla.1953, 65 So.2d 484.
For fraud and deceit to be actionable, there must have been a false representation of a material fact made for the purpose of inducing another to change position, which change in position was occasioned by reliance on the false representation to the damage of the one to whom the representation was made. 14 Fla.Jur., Fraud and Deceit, § 9, and cases noted therein.
An examination of the record on appeal discloses no factual basis to justify the entry of a judgment against the defendant, Goodman. The following facts appear from the record: The plaintiff parted with $5,000.00 to the defendant, Mark, on October 7, 1957, for the purpose of purchasing an interest in a corporation; that all representations inducing the plaintiff to part with his $5,000.00 were made by the defendant, Mark; that the plaintiff “relied solely” on the defendant, Mark; that he had no discussions with the defendant, Goodman, at or prior to the time he parted with the $5,000.00; that at no time did the defendant, Goodman, receive any of the $5,-000.00 and, subsequently, the corporation went bankrupt, occasioning a loss to the plaintiff and both defendants.
No representations were made by Goodman ; therefore the plaintiff could not have relied on any activities of Goodman and candidly admitted, when his deposition was taken, that he relied solely on Mark, as follows:
“Q Ashley Goodman made no representations as to what you were going *165 to make in this corporation at that time when you put in the money?
“A No. It was Leo who I dealt with.
“Q And it was Leo upon whom you relied ?
“A Yes; because he was the one that made the financial relationship.”
As the record fails to reveal any activities of Goodman which could constitute fraud, this cause is reversed with directions to the trial court to vacate so much of the final judgment establishing the liability of the defendant, Goodman, and enter a summary judgment dismissing the cause as to him.
Reversed and remanded.