HORTON, Judge.
Appellant, defendant below, seeks review of an adverse final decree establishing a mechanic’s lien in favor of the appellee and foreclosing said lien against appellant’s real property.
Appellee is a Florida corporation engaged in the construction business. Its president, George Vizenthal, is a licensed contractor. Appellant’s president is Sherman J. Tobin. During the latter part of 1959, Tobin and Vizenthal entered into an oral agreement by the terms of which appellee was to be employed as general contractor to supervise construction of the shell of appellant’s new bottling plant in Miami, Florida. The ap-pellee admittedly lacked the experience and technical knowledge required to supervise the installation of bottling equipment in the shell. The terms of the agreement were to be incorporated into a written contract in a form provided by the American Institute of Architects. Subsequently, Vizenthal signed a blank A.I.A. contract in which Tobin inserted all of the terms of the oral agreement with the exception of the amount to be paid appellee for its services. Just what this was to have been is at the core of the dispute between the parties. Appellant asserts that it was to pay a flat fee of $5,000. Appellee asserts that its fee was to be a percentage of the total cost of construction, total cost to include all sums expended on labor, services and materials without regard to whether or not they were expended under the appellee’s supervision.
The appellee was discharged when the plant was 99% completed and duly filed a claim of lien under the mechanic’s lien law, Chapter 84, Fla.Stat., F.S.A., for $19,949 for the rental of certain equipment, plus a fee of 71/2% of the'total cost of construction. It then brought this suit seeking foreclosure of the lien. Subsequently, appellee filed an amended claim of lien based upon 10% of the total cost of construction, and amended its complaint for foreclosure to conform thereto. Trial of the cause culminated in the final decree appealed finding that the appellee had been discharged without just cause, and was entitled to a fee of 10% of the total cost of construction — $33,-952.52 — plus $16,000 for the rental value of the equipment furnished by the appellee, plus $145.05 for the amount due a rental equipment company, minus $6,000 borrowed from appellant by the appellee, or a total of $44,097.57. Included in the total cost of construction as computed by the chancellor were $74,851.70 for the cost and installation of bottling equipment and the $16,000 for the rental of appellee’s equipment. In addition, the final decree awarded the ap-pellee $1,522 for attorney’s fees and costs in connection with an interlocutory appeal taken by the appellant which the chancellor found to be sham and frivolous. The final decree also established a mechanic’s lien in favor of the appellee for the foregoing amounts and ordered sale of the property in satisfaction thereof.
Appellant contends that the chancellor erred in finding that the appellee was entitled to a fee of 10% of the total cost of construction. We find this contention to be without merit. The amount of compensation agreed upon was an issue of fact resolved adversely to the appellant by the chancellor upon conflicting evidence. We will not disturb the chancellor’s finding since in our view it was supported by substantial evidence. See Medlin v. Share, Fla.App. 1963, 151 So.2d 451; Di Marco v. King, Fla.App.1962, 139 So.2d 750; Cowen v. Cowen, Fla.1957, 95 So.2d 584.
Appellant also contends that the $16,-000 fee for the rental of appellee’s equipment and the cost of acquisition and installation of the bottling equipment should not have been included in the total cost of construction. We agree. The record does not support the inclusion of these items in total cost.
Appellant further contends it was error to award the appellee attorney’s fees in connection with the interlocutory appeal. This contention has merit. The super- *169 sedeas bond posted in connection with that appeal was not conditioned to pay attorney’s fees. In the absence of such condition the appellee would have no statutory or contractual right to such fees. See Lawson v. City Board of Pub. Inst., 114 Fla. 153, 154 So. 170, 171.
We have examined the appellant’s remaining contentions and find them to be without merit.
Accordingly, the final decree appealed is affirmed insofar as it establishes the compensation agreed upon by the parties as 10% of the total cost of construction, and reversed insofar as it includes in the total cost of construction (1) sums expended on the cost and installation of bottling equipment; (2) the $16,000 fee for the rental of appellee’s equipment; and (3) the $1,522 in attorney’s fees; and the cause is remanded for the entry of an amended decree not inconsistent with the views herein expressed.
Affirmed in part; reversed in part and remanded.