166 So.2d 155 (1964)
SEVEN-UP BOTTLING COMPANY OF MIAMI, Inc., a Florida corporation, Appellant,
v.
GEORGE CONSTRUCTION CORP., a Florida corporation, and George Vizenthal, Appellees.
No. 63-874.
District Court of Appeal of Florida. Third District.
July 7, 1964.
*156 Guilmartin & Bartel, Miami, for appellant.
Stern, Hutner & Baxter, Miami, for appellees.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
TILLMAN PEARSON, Judge.
The appellant, Seven-Up, filed an independent action seeking relief from a prior decree of foreclosure upon the ground that the decree was obtained by fraud upon the *157 court, collusion, perjury of a witness and a party, and fabrication of testimony between a witness and a party. The trial judge, who had tried the foreclosure action, heard the second action and upon motion of the defendant, entered a summary final decree in which he denied relief to the plaintiff. We reverse for irregularities in procedure and remand for trial of the issues raised.
The first action was initiated by appellees, George Construction Corporation and George Vizenthal, to establish and foreclose a mechanics' lien against the property of Seven-Up. This trial resulted in a decree in favor of the construction corporation and Vizenthal. Seven-Up appealed from the decree and this Court reversed in part. Seven-Up Bottling Co. of Miami v. George Constr. Corp., Fla.App. 1963, 156 So.2d 167.
During the pendency of the first appeal before this Court the appellant, Seven-Up, sought a remand to the trial court in order to present newly discovered evidence. This remand was denied. See opinion On Petition for Rehearing, Seven-Up Bottling Co. of Miami v. George Constr. Corp., supra, at 169.
The present action is an effort by Seven-Up to proceed by an independent action as provided in Rule 1.38(b), Florida Rules of Civil Procedure,[1] 30 F.S.A.
On November 7, 1963, the appellees, defendants in the trial court, filed their answer and included as one of the prayers therein the following:
"(b) That Defendants be granted a summary decree based on the record before this Court and set forth herein;"
On November 19th the appellees filed a motion for summary decree with attached affidavits. At the time of the service of this motion, a notice of hearing by special appointment was served. The notice of hearing was served on November 18th and set "defendants' motion for summary decree" for hearing on November 21, 1963.
On November 20th plaintiff moved to strike the notice of hearing or in the alternative, for a continuance of the hearing upon the ground that the scheduled hearing violated the ten-day notice requirement of Rule 1.36(c), Florida Rules of Civil Procedure. This motion to strike or continue was denied. The court heard the motion for summary decree on November 21st and at the close of hearing requested memoranda of law. On December 6th the court entered the summary decree which is now appealed.
*158 Appellant's first point urges error in the granting of a summary decree on three days' notice. Reversal upon this point is necessary. Rule 1.36(c) of the Florida Rules of Civil Procedure provides expressly: "(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. * * *" Summary judgment or decree is a drastic remedy and must be cautiously administered. Cleveland Trust Company v. Foster, Fla. 1957, 93 So.2d 112. Only by a scrupulous adherence to the rules provided for summary decrees can the courts be sure that this stringent remedy is not abused. It is clear from the language of the rule that at least ten days must elapse from the time that the motion is served to the date of the hearing thereon. This did not occur in the instant case. The appellant diligently brought the matter to the attention of the trial court.
It is apparent that the appellee persuaded the trial judge that inasmuch as his answer, filed sometime prior to the motion, had included a prayer for a summary decree that such a prayer was sufficient to provide a ten-day lapse. We need not determine whether or not a prayer for a summary decree is properly included in an answer, because in this case the defendant-appellee filed a separate motion and noticed that motion for hearing.
Appellee suggests that the error as to the violation of the rule was harmless because the court entered the summary final decree after having examined the file in the first action, together with the complaint with attached exhibits in the instant independent action, and reached its conclusion exclusively upon these pleadings. In this connection it is urged that the trial court did not consider the affidavits attached to the motion of the defendant-appellee.
We cannot agree that the error was harmless. The burden of the complaint is that the defendant, plaintiff in the prior action, by fraud, perjury and collusion, impugned the judicial process. This is a serious charge and is made in detail. As such, it merits a full opportunity to present all available facts to the court. If the charge is proved, relief must be given.
In Alepgo v. Pozin, Fla.App. 1959, 114 So.2d 645 in dealing with a charge of fraud this Court held:
"Summary judgment is not a substitute for a trial; and fraud is a subtle thing requiring full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute fraud. Since the whole context is necessary for the determination, it is seldom that one can determine the presence or absence of fraud without a trial."
The same admonition is voiced in the holding in Goodman v. Strassburg, Fla. App. 1962, 139 So.2d 163. These holdings are in accord with the general law that charges of fraud in the judicial process must be seriously pursued and may not be the subject of summary decree unless it is clear that the charges cannot be sustained.
In discussing the summary final decree, we have covered appellant's points (1) and (2). Appellant's third point urges that the court erred in awarding, without notice and without supporting testimony, an attorney's fee of $1,000 to the defendant. The right to a fee in the defendant is based upon an injunction bond required by the court as a condition precedent to the entry of a pendente lite injunction which barred proceedings under the final decree attacked. The summary decree, which is appealed, found against the plaintiff on the merits of its claim, dissolved the temporary injunction, and awarded the fee to the defendant, appellee. The appellant has not raised a point directly attacking the dissolution of the injunction. A review of the record shows that there is support for the action of the trial judge in view of the wide discretion vested in the chancellor upon motion to dissolve a temporary injunction. Lane v. Clein, Fla.App. 1962, 137 So.2d 15. We hold, however, that the award of the attorney's fee must be reversed since it was *159 made without the taking of testimony as to a proper fee, and without notice and opportunity to the plaintiff, appellant, to be heard upon the amount of the fee. United Bonding Insurance Co. of Indianapolis, Ind. v. Presidential Insurance Co., Fla. App. 1963, 155 So.2d 635; cf., Nelson v. Lewis, 127 Fla. 654, 173 So. 835.
It should be noted that in setting a fee where the services include (a) defending the merits of the cause, and (b) securing the dissolution of an injunction, a separation of the work assigned to the two elements must be made. United Bonding Insurance Co. of Indianapolis, Ind. v. Presidential Insurance Co., supra.
Appellant's last point urges that the court erred in denying its motion to join as a party in the action a third party who had garnished the plaintiff because of an alleged debt of the defendant, appellee. We find no error in the refusal of the trial court to add the third party because the ordinary processes of the court in the garnishment proceedings are sufficient to protect the plaintiff from having to pay more than once if it is unsuccessful in its action for relief from the first final decree.
Reversed and remanded for a trial on the merits.
NOTES
[1] Rule 1.38, Florida Rules of Civil Procedure provides:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court.
"Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action."