NATHANIEL WEBSTER, APPELLANT, VS. BRUNSWICK-BALKE CALLENDER COMPANY, A CORPORATION, APPELLEE.

1. In actions of replevin under our statute a defense based upon ownership of the property in question can be properly predicated upon a plea of not guilty.

2. In an action of replevin where the defendant claims the ownership of the property in dispute it is not necessary to make a demand for the same before bringing suit.

3. The defendant (appellant here) was not the original defendant in the suit, but was made such party defendant in the place and

stead of the original defendant upon his own application, and the order made upon such application describes him as the lessor of the original defendant in respect of the property sued for, and that it was by reason of being such lessor that he sought to be made a party to the action, and permitted to defend the same, and such defendant before he filed his plea of not guilty, and before he was made a party to the suit, gave a forthcoming bond and took possession of the property, and maintained such possession until judgment in the Circuit Court: *Held*, That these circumstances sufficiently show *prima facie* that the defendant asserted title to the property in dispute, and that under such circumstances a demand for the same was not necessary before bringing suit.

4. In an action of replevin where a demand is necessary the only effect of a failure to make a demand is to prevent a maintenance of the present suit; but plaintiff could dismiss the suit, make the demand properly and begin a new suit upon the same cause of action.

5. A defense of failure to make demand in an action of replevin properly should be accompanied by an offer to surrender, and upon being sustained the costs should be taxed against the plaintiff.

6. In this case no demand was proven before suit brought, but the defendant by his plea forced the plaintiff to proof of property. By such plea and retention of possession of the property he indicated another issue than that of want of demand upon which he rested his defense. The plaintiff having succeeded upon the issue which the defendant tendered him is entitled to his costs.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son*, for Appellant.

*Walker & L' Engle*, for Appellee.

LIDDON, J.:

The appellee, who was plaintiff below, brought an action of replevin against one Byron Bennett to recover a lot of pool and billiard tables, and other apparatus used in connection therewith. The usual affidavit and bond were filed. The declaration was for a replevin in the detinet, *i. e.*, it charged only an unlawful detention of the property in controversy. The goods were delivered to the appellant upon a forthcoming bond. Afterwards, upon his own application, as lessor of the defendant in respect to the chattels in question, Webster by consent of the plaintiff corporation was substituted as sole party defendant in the place and stead of said Bennett, and the action was ordered to proceed in all respects as if the said Webster had been in actual possession of the goods sued for at the commencement of the suit and as to process and pleading as if he had been summoned as defendant in the original writ. Said Webster afterwards filed a plea of not guilty. A jury being waived by consent, the case was submitted to the court for determination. The court found for the plaintiff, and for the value of the property as proven—the plaintiff having elected to take such value. The case was tried before the adoption of the Revised Statutes.

The evidence in the case showed that the property had been sold by the plaintiff to one E. Rigney upon a conditional sale, reserving title in the plaintiff until certain notes and mortgages had been executed and until the property had been fully paid for. The notes and mortgages had never been executed as agreed upon, and payment had been only partially made. By implication of the record it appears that Bennett, the

original defendant, was in possession by virtue of a lease (if the word can be applied to chattels) from the defendant Webster. The record is wholly silent as to the manner in which Webster acquired possession, and as to whether any demand was made upon him before suit.

But one single point is contended for by the appellant. He claims that the judgment should have been for the plaintiff because of the failure to make proof of a demand for the property upon Webster before the suit was brought. The question as to the necessity of making a demand as a condition precedent for maintaining an action of replevin, under what circumstances it is necessary, and when it may be dispensed with, appears to be one of considerable complication, and about which there is much conflict of authority. Both parties concede the rule to be that if the defendant claims ownership of the property sued for, no demand is necessary. See Cobbey on Replevin, secs. 447 *et seq.* and authorities cited in note to the text. This we think the true rule. The appellant contends that his plea of not guilty is not an assertion of ownership in the property. The statute provides that this plea "shall put in issue, not only the right of the plaintiff to the possession of the property described in the declaration, but the wrongful taking and detention thereof." McClellan's Digest, sec. 12, p. 861; Revised Statutes, sec. 1721. Without undertaking to decide that under our statute this plea is an action of replevin is at all times and under all circumstances an assertion of ownership of the property in question, there can be no doubt, that a defense based upon such ownership can properly be predicated upon such plea. Holliday vs. McKinne, 22 Fla. 153. If we admit, that

if there is no other circumstance in the case tending to show a claim of ownership by the defendant, except a bare plea of not guilty that such plea should not be construed as an assertion of ownership, we do not think we should so construe such plea under the circumstances of this case. In the contract of conditional sale between appellee and Rigney, referred to above, it is provided, in substance, "that under no circumstances shall any claim be made as owner until the settlement is completed and the purchase price paid." The defendant below, before he filed his plea of not guilty, and before he was made a party to the suit, gave a forthcoming bond, took possession of the property, and maintained such possession under such bond until judgment in the Circuit Court, and now maintains such possession by virtue of a supersedeas bond given upon appeal. Besides, it appears in the record in an order made upon his own application that the appellant describes himself as the lessor of said defendant (Bennett) in respect of the property sued for, and that it was by reason of being such lessor that he sought to be made a party to the action, and to be permitted to defend the same. Under these circumstances and others above we think it sufficiently *prima facie* appears that the appellant Webster asserted title and ownership of the property in dispute. Therefore we do not think that a demand for the same was necessary before bringing suit.

Admitting, for the sake of the argument, that such a demand was necessary, under no circumstances could a failure to make such demand strip the plaintiff of his property and his right of possession in the same. The greatest harm to plaintiff, the greatest benefit to defendant, that could result from such failure would

be to prevent a maintenance of the present suit, but plaintiff could dismiss the case, make the demand properly, and begin a new suit upon the same cause of action. "The rule which requires demand is a technical one. The reason of it is that the law presumes that the party in possession of property not his own will respect the rights of the true owner when informed of them, and that upon demand being made he will surrender without suit," and thus save costs and other expense. Cobbey on Replevin, sec. 448 and authorities cited. Surely it can not be tolerated that the plaintiff by failure to comply with a technical rule as to making a demand should thereby be absolutely stripped for all time to come to his right of property, and the same should vest in the defendant. Even where a defense of want of demand is sustained in an action of replevin, we do not understand that it prevents recovery of property by the plaintiff. The utmost defendant can ask would seem to be his costs. In cases where the plaintiff shows himself to be the owner and entitled to possession of goods had he demanded them, a mere oversight or neglect to prove demand ought not to be punished by taking his goods and handing them over to one who asserts no title. The only reason why demand is necessary in any case is to give the defendant an opportunity to surrender without being put to costs; and while this is eminently proper, the object of the rule is fully accomplished, and the plaintiff sufficiently punished for his neglect by judgment against him for costs, without being compelled to surrender his goods." Wells on Replevin, sec. 372. Properly, a defense of a failure to make demand should be accompanied with an offer to surren-

der, and upon being sustained, the costs should be taxed against the plaintiff.

We do not think this case is one for reversal of the judgment even as to costs. The defendant by his plea of not guilty forced the plaintiff to proof of property. He voluntarily by his plea and retention of possession of the property indicated another issue than that of want of demand upon which he rested his case. So far from offering to surrender the property upon demand, he gives a forthcoming bond and retains its possession and use while the suit is pending. The plaintiff has succeeded upon the issue which the defendant tendered him, and is entitled to his costs.

Let the judgment be affirmed.