CHARLTON BOURNE, *Appellant,* vs. STATE BANK OF OR-
LANDO & TRUST COMPANY, as Executor of the Last Will
and Testament of Carrie W. Temple, deceased; DORO-
THEA TEMPLE MASON, joined by her husband and next
friend, A. W. MASON; and UNION TRUST COMPANY OF
PITTSBURGH, as Executor of the Last Will and Testa-
ment of W. C. Temple, deceased, *Appellees.*

142 So. 810.

En Banc.

Opinion filed June 27, 1932.

*E. W. & R. C. Davis,* and *Mertson S. Horrell,* Attorneys for Appellant;

*Hope Strong* and *G. P. Garrett,* Attorneys for Appellees.

DAVIS, Commissioner.—The State Bank of Orlando & Trust Company, a corporation, as executor of the last will and testament of Carrie W. Temple, deceased, filed a bill of interpleader in the Circuit Court, in and for Orange County, with references to certain jewelry in the hands of said trust company, as executor, and made as parties thereto claimants to said jewelry, namely: Dorothea Temple Mason, the only daughter of testatrix, and Charlton Bourne, legatee under the will, and thereafter the Court entered its interlocutory decree requiring that said jewelry be deposited in the registry of the court subject to the order of the Court, to be delivered to whomsoever might, under the decree of the Court, be found to have the right thereto, and releasing the executor and discharging it from all claim or liability to either of the defendants for, or upon, or by reason of said personal property, and ordering the said defendants to interplead and settle and adjust their several claims, demands and matters in controversy in said suit, as between themselves.

Pursuant to the order of the Court, the jewelry was deposited in the registry of the Court. It was stipulated by said defendants, represented by their solicitors, that "whereas the answer by the respective defendants heretofore filed may not fully and completely set out the respective claims of each; that the respective defendants file a bill setting out their respective claims and that the pleadings

subsequent thereto shall be in accordance and conformity with the rules of practice governing Courts of Equity in this State.'' Pursuant to the terms of said agreement, Charlton Bourne filed what was termed a ''bill supplementary to said bill of interpleader,' wherein it was shown that she was a beneficiary under the last will of Carrie W. Temple, the mother of Dorothea Temple Mason, who devised and bequeathed to her, the said Charlton Bourne, all such of testatrix' ''finest jewels, as she might select to be turned over to her by'' testratrix' executor; that the said Carrie W. Temple died seized and possessed of jewels and jewelry mentioned in a schedule attached to and made a part of said bill, as Exhibit ''B,'' all of which were turned over to and were then in the possession, custody and control of the said executor; that she had demanded of the executor certain jewelry therein listed by her in her bill as having been selected by her under the terms of the will and that the executor refused to turn over to her the said jewelry, except a small portion thereof enumerated in a schedule attached to and made a part of her said bill as Exhibit ''C,'' and prayed that the Court decree, among other things, that the said jewelry should be by virtue of said will, her property. To this bill Dorothea Temple Mason, joined by her husband, interposed an answer, wherein, among other things, they denied that Carrie W. Temple ''died seized and possessed of the jewels and jewelry mentioned in ''Schedule ''B,'' attached to the bill, and denied further that ''at present time any of said jewelry is now in the possession, custody, or control of the State Bank of Orlando & Trust Company, as executor of the estate of Carrie W. Temple, deceased.'' It is further averred that certain jewels listed in schedules attached to and made a part of said answer as Exhibits ''1'' and ''2,'' ''were not the property of Carrie W. Temple

at the time of her death, but on the contrary, were at the time of the death of the said Carrie W. Temple, the property of the said Dorothea Temple Mason. Those articles of jewelry described in Exhibit "1" hereto, were, at the time of the death of Carrie W. Temple, the property of Dorothea Temple Mason, defendant herein, and consisted of gifts given to said Dorothea Temple Mason by W. C. Temple, her father, and by Carrie W. Temple, her mother, or by other persons or were purchased by Dorothea Temple Mason for herself and owned by her and never were a part of the estate of Carrie W. Temple''; that the jewels described in Exhibit "2" were jewels that belonged to W. C. Temple at the time of his death and that as to said jewelry, said W. C. Temple died intestate; that the defendant, Dorothea Temple Mason, was the sole and only child of W. C. Temple and Carrie W. Temple and was therefore the sole heir of said W. C. Temple, deceased, and as such sole heir, inherited said jewels from her father, and that at the time of the death of Carrie W. Temple she, Dorothea Temple Mason, was and still is entitled to the possession of and owned the same; that said jewelry was never taken into the possession of Carrie W. Temple during her lifetime, or during her lifetime severed from the estate of W. C. Temple, or during her lifetime distributed to Carrie W. Temple, any was not any part or parcel attempted to be bequeathed by the said Carrie W. Temple; that Carrie W. Temple was not an heir of W. C. Temple and had no dower in his estate, because she was provided for by his will and accepted the provisions of said will; that if the Court should hold that the will of W. C. Temple bequeathed his said jewels, then the same were not in and by his said will bequeathed to Carrie W. Temple, but on the contrary, were left in trust to the trustee named in said will, for the purposes stated in said will. It is

further averred that the reason that the jewels in question were found in the safety deposit box in the state Bank of Orlando & Trust Company, wherein jewelry belonging to Carrie W. Temple was found, was that the said box was used, not only for the jewels of Carrie W. Temple, but for jewels which she knew belonged to Dorothea Temple Mason, and to which Carrie W. Temple made no claim and which she allowed her daughter, Dorothea Temple Mason to deposit therein for an accommodation for the handling of said jewels only; that said box was known as the family safety deposit box of the Temple family and that there was no ''intention on the part of Carrie W. Temple to claim all the contents of the same or to assert that all the jewelry kept in the safety deposit box belonged to her.'' It is further averred that the jewels contained in said box and described in Exhibits ''1'' and ''2'' (which are the jewels in controversy here), were not claimed by Carrie W. Temple to belong to her.

The defendants, Dorothea Temple Mason, joined by her husband and next friend, A. W. Mason, also filed what was termed a ''supplementary bill to said bill of interpleader,'' setting up in substance the matters set out in their answer to the bill filed by Charlton Bourne, to which bill Charlton Bourne demurred upon the grounds that the bill showed that the said complainant therein, Dorothea Temple Mason, was guilty of laches and that said bill was without equity. This demurrer was overruled by the Court, whereupon, Charlton Bourne filed a plea to the said bill of Dorothea Temple Mason, wherein she asserted that the said Dorothea Temple Mason ''did not within twelve months from the date of March 21st, 1925, (the same being the date of the publication of the notice required to be given to creditors, legatees, distributors and all persons having claims or demands

against the estate of testatrix), present to the County
Judge granting letters testamentary on said estate at his
office in the Court House of said County, any sworn
claim or demand or proof thereof, as and when required
by said Chapter 10119, Acts of Florida, 1925," and there-
fore, that the supposed claim or demand of the said
Dorothea Temple Mason was barred. Whereupon, the
said Dorothea Temple Mason and A. W. Mason, her hus-
band, ordered the said plea set down for argument and
requested the Clerk to enter such order in the Chancery
order book.

To the answer of Dorothea Temple Mason and her
husband, Charlton Bourne, by leave of the Court, filed
a replication setting up in substance the matters set out
in her plea to the bill filed by Dorothea Temple Mason,
joined by her husband and next friend.

An order was entered by the Court sustaining the plea
of Charlton Bourne to the bill of Dorothea Temple
Mason and husband, a Special Master was appointed to
take testimony and report the same to the Court.

With reference to the jewelry listed as Exhibit "1,"
attached to the said joint and several answer of Doro-
thea Temple Mason to the bill of Charlton Bourne, the
Court found the same to be the property of the said
Dorothea Temple Mason, and decreed that it be delivered
to her. With reference to the jewelry described in Ex-
hibit "2," attached to said answer, the Court found the
same to be the property of W. C. Temple's estate and
that it ought to be turned over to the properly author-
ized representative of said estate, upon application be-
ing made for the same. The Court found further that the
jewelry listed in said Exhibits "1" and "2" was all of
the jewelry that was in controversy and that Charlton
Bourne is without any right, title or interest in any of
it. The Court decreed that the jewelry listed in Ex-

hibit "2" be held by the Clerk of the Court and delivered pursuant to the further order of the Court, that the plea of the said Charlton Bourne to the bill filed by Dorothea Temple Mason and her husband be overruled and denied, and that the bill filed by Charlton Bourne be dismissed.

From this decree Charlton Bourne appealed to this Court and has assigned as error the overruling of the demurrer to the bill of Dorothea Temple Mason, the entering of a final decree in favor of Dorothea Temple Mason, and in failing to decree that Charlton Bourne be entitled to the property in question.

No question is raised as to the propriety of the order requiring Dorothea Temple Mason and Charlton Bourne to interplead and thus adjust their matters as between themselves. There is not much room for confusion to arise over the procedure in such cases up to that point. When, however, it comes to the framing of issues between claimants to property in suits of this character, the ownership of which is in question, there seems to be no hard and fast rule to be followed. In ordering issues to be framed between claimants, Courts are more interested in making an equitable disposition of the property or fund involved in the controversy than in the form in which the issues are shaped. So long as the substantial rights of the parties are not invaded and the issues are so framed that they can be made the basis of an equitable decree, it does not matter so much what turn the pleadings take. In 33 C. J. 459, the authors say:

"The complaints of the claimants against one another may be, and usually are, set up in the answer to the bill of complaint of the stakeholder. Such answer is then in the nature of a cross complaint, and should be served upon each defendant, who may answer the same. The cross complaint of one claimant which al-

leges that another claimed some interest or lien upon the fund, is a proceeding in rem, and is sufficient to compel the other complainant to answer. * * * in some jurisdictions, it is held not necessary for the pleadings of the claimants to answer each other; but each should state his claims plainly, clearly and distinctly, and as far as he can take issue with the claims of the others; and an issue would thereby be made if the claims were antagonistic."

While it is said that "a demurrer by one (cross) claimant to the answer of another is not required in equity practice, the practice being to set the cause for hearing on his opponent's answer, leaving the latter to set it down on his own answer, or to take issue upon the facts there stated as his opponent sees fit," (33 C. J. 460), the cross claimants, nevertheless, occupy as between themselves the position of complainant and defendant (33 C. J. 450), and if a claimant does not in his complaint, whether by answer or bill, state a case entitling him to the relief desired, we see no reason why a demurrer may not be interposed thereto.

In the instant case, the respective claimants of the property in question agreed that the answers filed by each of them may not fully and completely set out their respective claims, and that each of them file a bill setting out her claims, and that the pleadings subsequent thereto be in accordance with our rules of practice governing Courts of Equity, which agreement, though not binding upon, seems to have been assented to, in certain respects, by the Court.

The appellant demurred to the bill filed by the appellees and as a ground for demurrer, she says in effect that the appellees seek by their bill to enforce a stale claim—that they have been guilty of laches.

Bearing in mind the agreement between the appellant and appellees as to the procedure to be followed, and

also the fact that the only reason urged here by the appellant for a reversal of the order of the Court overruling the demurrer is, that the bill upon its face shows that appellees waited too long before attempting to enforce their claims, we infer that the lower court passed upon but the one question of laches.

In support of her position, it is contended on behalf of appellant that the bill filed by appellees shows on its face the executor's possession of the property for a period of more than three years before an action was brought by her to recover such jewelry and, upon the theory that equity follows the law, appellees are now barred of the right of recovery by reason of the Statute of Limitations (Section 4663 (2939) Par. 5, Compiled General Laws of Florida), and that it was the duty of the executor to resist the claim of Dorothea Temple Mason on the ground of laches.

The original bill of interpleader alleges, among other things, that Dorothea Temple Mason filed with the executor a written demand for the jewelry in question, and that she contends that the same was not the property of her mother, Carrie W. Temple, but hers, and that the executor was desirous of turning over said property to the person to whom the Court may adjudge it to belong. It also appears from said bill that the bank and trust company qualified as executor on March 17, 1925. The bill of interpleader was filed March 5, 1928, the answer of Dorothea Temple Mason and her husband was filed on April 2, 1928, and her supplemental bill was filed on February 4, 1929.

Assuming without holding, that laches cannot be waived by the executor and that such question may be raised by the appellant, and also, that in determining whether or not the claim should be barred by laches, the Court may look to and be controlled by the statute

limiting the right of the owner to recover personal property in the possession of another, the argument in support of the contention we have just stated is fallacious. If we disregard the fact that appellee's bill was filed in an interpleader proceeding, wherein the executor is complainant, and that the answer of appellees thereto averred in substance that the property in question was in the possession of Carrie W. Temple at the time of her death as a gratuitous bailee, and look alone to the bill demurred to, we find that it is admitted by the demurrer that the jewels were and still are the property of Dorothea Temple Mason. It, therefore, follows that the jewels were not a part of the assets of the estate of Carrie W. Temple. 23 C. J. 1149; 2 Woerner's Am. Law of Ad'm'n. 3rd ed., Sections 305, 312.

The Statute of Limitations could not begin to run against appellees in the assertion of their claim, until a cause of action accrued in their behalf. 37 C. J. 810; 17 R. C. L. 748; 2 Woerner's Am. Law of Admin., 3rd ed., Sec. 321.

So far as the Court is advised by appellee's bill, Carrie W. Temple may have held the jewels in question as a gratuitous bailee for her daughter, Dorothea Temple Mason, in which event, it would have been necessary for Dorothea Temple Mason to make a demand upon the executor for a delivery of the same, and there must have been a refusal of such demand, before a right of action could have accrued to appellees. Cobbey on Replevin, 2nd Ed. 239; 23 R. C. L. 888; 54 C. J. 449; 6 C. J. 1154; 23 C. J. 1150. See also Webster vs. Brunswick-Balke-Collender Co., 37 Fla. 433, 20 So. 536; Bell vs. Niles, 61 Fla. 114, 55 So. 392. The jewels being under the control of Mrs. Temple at the time of her death, passed rightfully to the custody of the executor as a kind of a bailee for the owner until such owner's claim has been

judicially determined in a proper proceeding for that purpose, whether such proceeding be instituted by the executor, as was done here, or by the claimant. It is not shown by appellee's bill that Dorothea Temple Mason ever made a demand upon the executor for the jewels, or that the executor ever denied her right to them; but it does show that the executor was not certain as to whom the jewels should be given, else a bill of interpleader would not have been filed (time when not stated) against the respective claimants. Instead of repudiating the claims of appellees, the executor in filing its bill may have anticipated any demand or other action on the part of appellees.

We find no error in the order overruling the said demurrer.

We come now to the inquiry: Has appellant made it clearly appear that the Court committed error in entering the final decree?

Both claimants are in the position of a plaintiff in possessory actions, and must recover on the strength of their own title rather than on the weakness of that of the adversary. (15 R. C. L. 233). The general rules apply in determining the burden of proof, admissibility and sufficiency of the evidence on issues between the claimants. 33 C. J. 464.

The claim of each claimant is clearly stated in their respective bills. Dorothea Temple Mason, in both her bill and her answer to the bill of Charlton Bourne, relies upon her ownership of the property during the life of Carrie W. Temple and since, for the relief desired. Charlton Bourne bases her claim upon a provision of the will of Mrs. Temple, and, in her plea to appellant's bill and also in her special replication to their said answer, she sets up merely the statute of non-claim. It appears from the answer of appellees to appellant's bill and it is

otherwise in evidence that the said jewelry, at the time of the death of Carrie W. Temple, was in her safety deposit box. The bequest of certain property to Charlton Bourne is admitted by appellees and it was shown in evidence that Charlton Bourne made a selection of jewelry as provided by the will, and that the jewelry in question was selected by her. Without other evidence, this would establish her claim, for the possession of personal property is *prima facie* evidence of ownership. Com. Credit Co. vs. Parker, 100 Fla. 1371, 132 So. 640; 50 C. J. 786; 22 C. J. 126.; 10 R. C. L. 877. It is contended, however, by appellees first, that the effect of the replication of Charlton Bourne to the answer of appellees was to admit the ownership by Dorothea Temple Mason of the said jewelry, and, second, that Mrs. Bourne rested her whole claim upon the proposition that Dorothea Temple Mason did not file a claim, as provided by the statute of non-claim. Appellees have cited no authority to sustain the first contention in their brief. They say, ''of course'' the replication admits the affirmative matter contained in the answer, while appellant insists that such matters must be proved.

In 1915 the legislature enacted Chapter 6907, Laws of Florida, and Section 2 thereof, brought forward in Compiled General Laws, 1929, as Section 4907, corresponds with Rule 31 of Federal Equity Rules, 1912, and reads as follows:

''Unless an answer assert a set-off or counter-claim, no reply shall be required without special order of the court or judge, but the cause shall be deemed at issue upon the filing of the answer, and any new affirmative matter therein shall be deemed to be denied by the plaintiff. If the answer include a set-off or counter-claim, the party against whom it is asserted shall reply within twenty days after the filing of the answer, unless a longer time be allowed by the court. If the

counter-claim is one which affects the rights of other defendants, they or their solicitors shall be served with a copy of the same within ten days from the filing thereof, and the said defendants shall have twenty days after the service thereof within which to file a reply, unless the court allow further time therefor. In default of a reply, a decree pro confesso on the counter-claim may be entered as in default of an answer to the bill.''

In the Federal Courts, a reply to new and affirmative matter pleaded by way of confession and evidence is not necessary. (Shera vs. Merchants Life Ins. Co., 237 Fed. 484, 486). except when the answer asserts a set-off or counter-claim. Electric Boat Co. vs. Lake Torpedo B. Co., 215 Fed. 377. So, under Section 4907 of the Compiled General Laws, 1927, a cause is at issue and no reply is necessary where no set-off or counter-claim is set up in the answer. See Morrill vs. Burg, 80 Fla. 606, 86 So. 566; Lovett vs. Lovett, 93 Fla. 611, 112 So. 768, 779. Indeed, we have held that a replication may be filed only to an answer, or portion thereof, which asserts a set-off or counter-claim. Hitchcolk vs. Mortgage Secs. Cor., 95 Fla. 147, 116 So. 244; Phillips vs. Lindsay, 102 Fla. 935, 136 So. 666.

While the assertion of ownership of the property in question on the part of appellees in their said answer, and the manner in which such ownership was acquired may be regarded as a denial of ownership on the part of Carrie W. Temple, and, for that reason, be set up as defensive matter to the bill filed by Mrs. Bourne, the answer goes further and asks the Court to determine and declare the respective rights of the parties to said property. In other words, it sets up a counter-claim to the property. The appellees consented to the filing of the replication, and subsequently made no effort to strike it from the record. Where a counter-claim is included in an answer, the statute says that the party against whom it is asserted shall reply thereto within a stated time, in default of which, a decree pro confesso on the counter-

claim may be entered. The cross-claimant being in the position of a complainant in an original proceeding, the other claimant had the right to set up any single fact that would destroy the equity of the cross-complaint in a plea in bar, or present such issue by replying thereto within the period of time fixed by statute or allowed by the Court. See Equity Rules 49 and 57; Hollingsworth vs. Handcock, 7 Fla. 338.

When there are matters in an answer not responsive to the bill, as matters of avoidance, such matters must be proved by a preponderance of the evidence. Davis vs. Horne, 57 Fla. 396, 49 So. 505; Mitchell vs. Mason, 65 Fla. 208, 61 So. 579; American Securities Co. vs. Goldsberry, 69 Fla. 104, 123, 67 So. 862; Lonergan vs. Peebles, 77 Fla. 188, 81 So. 514; Pinney vs. Pinney, 46 Fla. 559, 35 So. 95.

The appellees set up a counter-claim in their answer to Mrs. Bourne's bill, and the latter in making reply thereto, neither admitted nor denied allegations of the cross-complainant, but elected to avoid the counter-claim by relying upon the single fact stated in her reply to the effect that a claim for the property had not been filed in the manner and within the time fixed by the statute of non-claim.

"Where a counter-claim is set up in the answer, it shall have the same effect as a cross-suit so as to enable the Court to pronounce a final judgment in the same suit both on the original and cross-claims." See 4906 Compiled General Laws of Florida, 1927; Morris vs. Eikenberry, 103 Fla. 104, 137 So. 128.

We have said, "When a defendant is brought into a Court of Chancery to answer a bill of complaint, he is required to make full, true, direct and perfect answer to the allegations of the bill, failing to do which, he admits them." Bostwick vs. Van Sant, 98 Fla. 565, 124

So. 14; Citizens B. & Tr. Co. vs. Grey, 100 Fla. 958, 130 So. 274.

Reasoning by analogy, if the counter-claim set up in the answer of appellees has the same effect as a cross-suit, it follows that the appellant in failing to make a full, true, direct and perfect reply thereto, admitted the allegations of such cross-complaint.

The only issue, if any, to be determined by reason of the filing of the bill by appellees, the answer of appellant thereto, and the replication to such answer, is the issue made by the replication, the burden of proof of which, was on her who filed it. Davis vs. Horne, 57 Fla. 396, 49 So. 505; Mitchell vs. Mason, 65 Fla. 208, 61 So. 579; Am. Secur. Co. vs. Goldsberry, 69 Fla. 104, 123, 67 So. 826; Lonergan vs. Peebles, 77 Fla. 188, 81 So. 514; Pinney vs. Pinney, 46 Fla. 559, 35 So. 95.

We will now take up the other set of pleadings—the bill filed by the appellees and the plea interposed thereto by Mrs. Bourne.

In Coral Gables Realty Co. vs. Peacock Holding Co., 103 Fla. 916, 138 So. 622, this Court said:

"A plea in equity does not deny the equity of the bill, but brings forward a fact, which, if true, displaces it, and in equity, as at law, its office is to confess the right and avoid it by matter dehors. 16 Enc. Pl. & Pr. 587, 598. As declared by this court, its function 'is to bring forward some one distinct matter of fact, or number of facts, tending to a single point which is a complete defense to the whole bill, or some distinct part of it, to which the plea applies.'"

See also Waring vs. Bass, 76 Fla. 583, 80 So. 514; Spalding vs. Ellsworth, 39 Fla. 76, 21 So. 812, and 21 C. J. 463, 468.

When an affirmative or pure plea is interposed to a bill of complaint, the burden of proof is on him who files it. 21 C. J. 463.

Looking at both sets of pleadings, or either one of them separately, we find that it is shown by admissions, express of implied, that ownership of the said jewelry, at the time of the death of Mrs. Temple, was in Mrs. Mason.

Moreover, where ownership of personal property is directly involved, it is a fact to which a witness, having requisite knowledge, may testify. Jantzen v. Emmanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912 C 659 and Note; First Nat. Bank vs. Robinson, 93 Kan. 464, 144 Pac. 1019, Ann. Cas. 1916 D 286 and Note; Snead vs. Patterson, 190 Ala. 43, 66 So. 664; 22 C. J. 534.

Mrs. Mason testified that the jewelry that was awarded to her by the decree was her property, and as to certain pieces of such jewelry she was corroborated by other witnesses. As to the jewelry that the court decreed should be turned over to the proper representative of the estate of W. C. Temple, deceased, Mrs. Mason testified that it belonged to her father and it was shown that under his will, the mother, Mrs. Temple, could not claim it.

If error was committed in awarding to her certain jewelry that is claimed by Mrs. Mason, it was because she failed to file her claim in compliance with the statute of non-claim. Therefore, we must ascertain whether or not that statute can be applied in this case. According to the pleadings and evidence in the case, the ownership of this jewelry was in Mrs. Mason, though Mrs. Temple had it in custody prior to her death. It was held by Mrs. Temple in trust for, and the right of possession was in, Mrs. Mason. It never was a part of the assets of the estate of Mrs. Temple. The paramount title being in Mrs. Mason, it was not incumbent upon her to file a claim for such jewelry against the estate of Mrs. Temple.

The statute of non-claim is inapplicable to claims of third persons to specific property, by title superior to that of deceased. The claim of Mrs. Mason was not a debt against the estate, which the statute of non-claim was designed and intended to cover, but a demand against the Bank & Trust Company holding as trustee or bailee. 2 Woerner on Am. Law of Admin., 3rd ed. pages 995, 1333; Amos vs. Campbell, 9 Fla. 187; Bloxham vs. Hooker, 19 Fla. 163; 6 C. J. 1084,; Note 5.

No error has been shown in awarding certain jewelry to Mrs. Mason.

It is also contended by appellant that it was error to award the jewelry that belonged to W. C. Temple, deceased, to his personal representative, who was not a party to the suit. If error was committed in this respect, appellant is not in a position to take advantage of it because, as we have seen, she had to rely upon the strength of her own title and not on the weakness of that of Mrs. Mason. The appellees have not raised the question.

Finding no error in the decree appealed from, it is affirmed.

Per Curiam.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the decree of the Court below be and the same is hereby affirmed.

Buford, C.J., and Whitfield, Ellis, Terrell, Brown and Davis, J.J., concur.