CARROLL, DONALD K, Judge
(concurring in part and dissenting in part).
I cannot agree with the majority opinion that the contractual right of the appellant to demand repurchase of the stock expired three years after the oral contract was entered into by analogizing the statute of limitations as the period for the duration of the contract. Applying the statute of limitations to the duration of a contract seems to me on fundamentals unsound, although there may be some respectable authority approving such an application. Universally the rule has always been recognized that a statute of limitations begins to run from the day the cause of action accrues. See Bourne v. State Bank, 1932, 106 Fla. 46, 142 So. 810. The statute of limitations begins to run against a suit on a contract when the contract is breached or repudiated, not when the contract is entered into. The holding here that the appellant had to demand a repurchase of his stock within the three-year period of limitations beginning to run from the date the contract was made, fails to comport with my concepts of legal reasoning and realism.
So far as the duration of the contract is concerned, there existed a genuine issue of a material fact that should have precluded the entry of the summary judgment for the appellee on that issue. The uncontra-dicted testimony of two officers and directors of the appellee, who made the agreement with the appellant on behalf of the appellees, was before the Circuit Court at the hearing on the motion for summary judgment. Each of them stated in his affidavit :
“Deponent further says that part of the consideration for the agreement hereinbefore made and referred to was that it was to be exercised at the option of the plaintiff at any time he so desired; that no time limit was expressed or intended at the time of making of said agreement, or at any time thereafter; that it was the understanding of this affiant that said agreement was to be exercised at any time, any time meaning exactly as the words say,not within a definite period of time; that pursuant to the established policy hereinbefore referred to, the defendant company did repurchase or sell stock for Norman Smith, Elmer Blank, and G. M. Nilsson.”
This evidence clearly raised a question of fact that should have been submitted to the jury as to the terms of the contract sued on. Certainly this uncontradicted testimony should have precluded the trial court and this court from rewriting the contract by holding that the plaintiff must exercise his option within three years after the making of the contract. In addition, at the hearing there was evidence before the court in the same affidavits that the affi-ants, on behalf of the appellee, had granted several extensions of time for the ap *505 pellant to exercise his option. The appellant in an affidavit before the court swore that he had been granted several such extensions, including one in February of 1952. Such extensions were obviously chiefly for the benefit of the appellee. At any rate, the jury should have been allowed to pass upon the question of fact of these extensions as well as the terms of the contract.
Despite the above consideration, I concur in the judgment of reversal, for the sole reason that the Florida Statute of Frauds bars recovery upon this oral contract. Section 725.02, Florida Statutes, 1957, F.S.A., provides:
“Contracts to sell personalty. — No contract for the sale of any personal property, goods, wares or merchandise shall be- good, unless the buyer shall accept the goods (or part of them) so sold and actually receive the same, or give something in earnest to bind the bargain or in part payment, or some note or memorandum in writing of the said bargain or contract be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized.”
The Florida Supreme Court held in Southern Life Insurance and Trust Co. v. Cole, 1850, 4 Fla. 359, held that shares of stock were “personal property” within the meaning of the quoted statute.
The agreement here was clearly a contract for the sale of personal property. According to the evidence before the court at the summary judgment hearing, the buyer (the appellee here) did not accept and receive the goods (or part of them), or give something in earnest to bind the bargain or as part payment, and there was no contract or promise in writing or note or memorandum thereof in writing, as required by the statute.
The appellee pleaded the Statute of Frauds in his answer, and I think this defense was proven fatally to the appellant’s cause. While the Circuit Court did not mention the Statute of Frauds in the summary judgment, I think the judgment should be affirmed because it was right and lawful, though for different reasons from those stated therein.