GUNTHER, Chief Judge.
Appellant, Florida’s Department of Environmental Protection (“DEP”), filed a complaint against Appellee, Fleet Credit Corporation (“Fleet”), alleging that Fleet was responsible for continuing injury to groundwater caused by the current seepage of hazardous substances disposed and discharged on commercial property in the 1980s. The DEP sought investigative costs, damages, civil fines, and an injunc *514 tion requiring Fleet to assess the level of groundwater contamination and abate the existing hazard. Fleet moved for summary judgment, arguing that the statute of limitations had expired before the DEP filed its complaint. The trial court granted the motion and dismissed the DEP’s action. The DEP now appeals this order. We reverse.
In this case, summary judgment was inappropriate. It is well-settled that the statute of limitations begins to run when the last element of a cause of action accrues. Bourne v. State Bank of Orlando & Trust Co., 106 Fla. 46, 142 So. 810 (1932); § 95.031(1), Fla.Stat. (1995). Here, the DEP’s complaint alleges that Fleet has failed to abate an imminent hazard caused by hazardous substances in violation of section 403.726 of the Florida Statutes, and it is undisputed that the disposed substances are continuing to contaminate the soils and groundwater. Fleet’s failure to controvert this evidence precludes its argument that the statute of limitations bars the instant action, as Fleet must carry the burden of proving a statute of limitations defense. Petroleum Prods. v. Clark, 248 So.2d 196 (Fla. 4th DCA 1971).
Just like CERCLA, its federal counterpart, Florida’s environmental resource and recovery management statutes are remedial in nature and intended to clean up abandoned, inactive waste disposal sites in order to protect the public health, safety, and welfare. § 403.702, Fla.Stat. (1995); Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313 (11th Cir.1990). The crux of the DEP’s claims is to abate the current hazard, not Fleet’s action on the property. Thus, in this environmental context, it is irrelevant when Fleet abandoned the property because as courts have recognized in similar groundwater pollution cases, it is the ongoing contamination, not the initial disposal of wastes, that constitutes a continuing, but abatable, nuisance. E.g., Arcade Water Dist. v. United States, 940 F.2d 1265 (9th Cir.1991); Prisco v. New York, 902 F.Supp. 374 (S.D.N.Y.1995); Cache v. Town of Harrison, 813 F.Supp. 1037 (S.D.N.Y.1993). As such, the statute of limitations in environmental contexts where there is a continuing invasion of rights does not begin to run until the wrongful invasion of rights that constitutes the violation ceases. United States v. Reaves, 923 F.Supp. 1530 (M.D.Fla.1996). Were this not the case, then the Legislature’s stated intention to abate pollution that threatens human, animal, aquatic, and plant life as well as property interests would be wholly frustrated. § 403.021(5) — (6), Fla.Stat. (1995).
Accordingly, the trial court’s entry of summary judgment on the basis that the statute of limitations had expired was erroneous because of the peculiar circumstances presented by this environmental litigation, and we reverse and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.